# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 CR 509 - 8 | **DATE** | 3/7/2003 |
| **CASE TITLE** | USA vs. CHARLES POTEETE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Poteete's motion to modify his sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 709 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAR -7 AM 10:08 | | |
| TBK | courtroom deputy's initials | FILED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 0 2003

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 9$ CR 509-8 |
| ) | Paul E. Plunkett, Senior Judge |
| CHARLES POTEETE ) | |
| ) | |
| Defendant. ) | |

## *MEMORANDUM OPINION AND ORDER*

In 1998, Charles Poteete ("Poteete") was convicted of conspiring to distribute narcotics. He was sentenced to 210 months in prison and five years of supervised release. Poteete brings this *pro se* motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence. For the reasons set forth below, Poteete's motion is denied.

### *Discussion*

Pursuant to an amendment that became effective on November 1, 2002, the United States Sentencing Commission amended section 2D1.1(a)(3) of the Guidelines Manual (the "Guidelines") to reduce the base offense level for drug offenses in certain cases. Poteete contends that the revised version of section 2D1.1(a)(3) applies to him retroactively and thus entitles him to a reduction of his prison sentence. Poteete is mistaken.

The general rule is that a court may not modify a sentence imposing imprisonment. *Vaszuez v. United States*, 2001 WL 668933, at *2 (S.D.N.Y. June 13, 2001). As Poteete points out, however,

-1-

709

18 U.S.C. § 3582 makes a specific exception to this rule. A court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement in this case is found in section 1B1.10 of the Guidelines themselves. Section 1B1.10 specifically lists the amendments to be applied retroactively and states: "[i]f none of the amendments listed . . . is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(a) (Nov. 2002).

Poteete seeks a sentence reduction under revised Guidelines section 2D1.1(a)(3), which was effected by amendment 640. Amendment 640 is not listed in section 1B1.10 of the Guidelines; therefore, it does not apply retroactively. *See United States v. Munoz*, 967 F. Supp. 1062 (N.D. Ill. 1997).

## Conclusion

For the reasons stated above, Poteete's motion to modify his sentence is denied.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

**DATED:** 3-7-03